## HILLIS *v.* WILSON.

This case is governed by the cases of *Price* v. *The Grand Rapids, &c., Railroad Co.*, and *Kiser* v. *The State, ante*, 58, 80.

APPEAL from the *Decatur* Court of Common Pleas.

HANNA, J.— *Wilson* made application for letters of guardianship for two of the minor children of *William Hillis*. The petition of *Wilson* represents, among other things, that "*John Hillis*, the executor, has perhaps, the full control of the personal estate of said wards; which will amount to not less, perhaps, than 3,000 dollars for each heir."

The executor appeared and filed an answer, averring, among other things, that "by the last will of said *William Hillis*, said executor has given to him the custody and care of said children, their education, and of their estate, and said will is herewith shown to the Court." Therefore, said *Wilson* ought not, &c.

*Hillis* moved that he be appointed guardian of all the children of said deceased.

*Wilson* demurred to the answer of *Hillis*, because it did not state facts sufficient, &c.

The demurrer was sustained. *Wilson* was appointed guardian of said two minor heirs.

The only question here presented by the brief of appellant, is upon the ruling of the Court on the demurrer. It is insisted that *Hillis* is the testamentary guardian of the heirs mentioned, and, therefore, entitled to the control of their persons and estates.

The will is not made a part of the record, and we, therefore, do not know what were its terms and provisions, further than they are made to appear by the averments in the pleadings above stated.

No question is here made as to the record before us being complete. So far as we can see, the answer set up in defense of the application, was based upon the will therein alluded to. That will was, therefore, an instrument in writing, upon which the defense was founded, and the same, or a copy thereof, should have been filed with the answer. 2 R. S. p. 44, § 78. The answer does not, in words, if it does in terms, make the will a part thereof. The record comes here without it, and the case is thus submitted to us by agreement of the parties. We must, therefore, presume that it was not the intention of the defendant to make this will a part of that record.

The answer was not sufficient unless it, or a copy, had been filed, &c., and the demurrer was, therefore, properly sustained thereto. *Price* v. *The Grand Rapids, &c., Railroad Co.*, and *Kiser* v. *The State*, at this term (1).

*Per Curiam.*—The judgment is affirmed with costs.

*W. Cumback*, for the appellant.

*B. W. Wilson*, in person.

(1) *Ante*, 58, 80.