(1) Counsel cited Pierce on Am. Railr. Law, 265, 276, 282, 283, 284, and notes; *Neal* v. *Gillett*, 23 Conn. R. 437; Pars. Merc. Law, 228; *Butterfield* v. *Forrester*, 11 East, 60; Redf. on Railw. 330; 1 Pars. on Cont. 700, and cases cited in note (y) on p. 701; Ang. on Car., § 556; 12 Pick. 177; *Brand* v. *The Schen. and Troy Railroad Co.*, 8 Barb. 368; *The Shelbyville, &c., Railroad Co.* v. *Lewark*, 4 Ind. R. 471; *Altrueter* v. *The Hudson River Railroad Co.*, 2 E. D. Smith, 151; Am. Law Reg. for 1857, p. 309; *Sheffield* v. *The Rochester, &c., Railroad Co.*, 21 Barb. 339; *Spencer* v. *The Utica, &c., Railroad Co.*, 5 id. 337; *Runyon* v. *The Central Railroad Co.*, 1 Dutch. 558; *O'Brien* v. *The Philad., &c., Railroad Co.*, Leg. Intel. March 5, 1858, *Philad.*; 13 Pet. 181; 19 Conn. R. 566.

(2) Counsel cited *March* v. *The Concord Railroad Corp.*, 9 Fost. 9; Pierce on Am. Railr. Law, 474; *McElroy* v. *The Nashau, &c., Railroad Corp.*, 1 Am. Railw. Cases, 591, upon the principal question.

———————

TUCKER *v.* THE STATE, on the relation of GRAY, District Attorney.

APPEAL from the *Hamilton* Court of Common Pleas.

HANNA, J.—Suit on recognizance.   Answer by surety, that his principal appeared at the *February* term of said Court, as provided in the recognizance, was tried, convicted and fined, and, "without his knowledge or consent, was then and there permitted to depart, without first having paid or replevied said fine; that thereupon said cause was stricken from the docket of said Court; that, at the *August* term, the plaintiff placed said cause again on the records of said Court, without giving defendant notice, and caused a default to be entered."   A demurrer was sustained to the

answer. Finding and judgment for the amount of the recognizance. No motion for a new trial.

No motion for a new trial was necessary to present the question raised upon the demurrer, an exception having been once properly taken to the ruling thereon.

The next question is, what should have been the ruling upon the demurrer?

Whether the answer was sufficient or not, we need not decide, as the complaint was clearly bad. It sets forth that the recognizance was taken by the sheriff in *December*, and was conditioned that the principal therein should be and appear, &c., at the next term of the Common Pleas Court thereafter, &c. It does not show what was done at the next term of the Court—whether the defendant appeared or not, or whether the case was continued or not; but then avers that, at the *August* term, he was called and defaulted.

The complaint was bad. *Kiser v. The State*, at this term (1). And the demurrer should have been sustained to it.

*Per Curiam.*—The judgment is reversed with costs, cause remanded, &c.

*N. O. Ross* and *R. P. Effinger*, for the appellant.

(1) *Ante*, 80.