SAYRES *v.* LINKHART and Others.

PROMISSORY NOTES—SET-OFF.—To an action by an assignee upon a promissory note, the defendant pleaded, by way of set-off, a note made by the plaintiff's assignor to a third party, and assigned to the defendant. The answer showed that the note offered as a set off was assigned to the defendant after the assignment of the note sued on to the plaintiff.

*Held,* that the answer was bad, for the want of an averment that the note offered as a set-off was assigned to the defendant before notice of the assignment of the note sued on to the plaintiff.

*Held,* also, that as the averment is a negative one, the burden of proving notice is on the plaintiff. The dictum in *Rawlings* v. *Fisher,* 24 Ind. 52, that the burden of showing notice of assignment is on the plaintiff, is true as a rule of evidence, but not as a rule of pleading.

PLEADING—WRITTEN INSTRUMENT.—Where a pleading is founded upon a promissory note, the original, or a copy thereof, must be filed with the pleading, and the failure to do so may be taken advantage of by demurrer.

PROMISSORY NOTE.—The latter clause of sec. 6, 2 G. & H. 40, which provides that actions by assignees shall be without prejudice to any set off, &c., "except actions on negotiable promissory notes and bills of exchange, transferred in good faith and upon good consideration before due," is not in conflict with the act concerning promissory notes and bills of exchange. 1 G. & H. 447. The exception in sec. 6 has reference to notes that are made negotiable as inland bills of exchange by the latter statute.

APPEAL from the *Franklin* Common Pleas.

ELLIOTT, J.—*Sayres,* the appellant, sued *Linkhart* on a promissory note executed by the latter to *Elizabeth Burk;*

and by her assigned to the plaintiff. The note was secured by a mortgage on real estate, executed by *Linkhart* and his wife *Eleanor*. Other notes were also executed at the same time as the one in suit, and secured by the same mortgage, the holders of which are made parties defendant.

*Linkhart* answered, claiming a set-off for the amount of two promissory notes executed by said *Elizabeth Burk*, and assigned to him, and a tender and payment into court of the residue of the note sued on.

The court overruled a demurrer to the answer, which presents the first question for our decision.

One of the notes claimed as a set-off is alleged to have been executed by *Elizabeth Burk* on the 1st day of *April*, 1860, for $123, with interest from date, payable to *W. R. Pierson*, and assigned to the defendant, *Linkhart*, on the 25th of *May*, 1860. The other note, it is alleged, was executed on the 6th of *January*, 1863, for the sum of $732, with interest, payable to *John C. Lindley*, who on the same day assigned it to the defendant *Linkhart*. It is urged that the answer is bad for the want of an averment that these notes were assigned to *Linkhart* before he had notice of the assignment of the note sued on, by the payee to the plaintiff. No such direct averment is made in the answer.

The note sued on was executed on the 26th day of *May*, 1860, and assigned to the plaintiff on the 9th of *April*, 1862, and it is averred in the answer that one of the notes claimed as a set-off was assigned to *Linkhart* on the 25th of *May*, 1860, not only before the note in suit was assigned to the plaintiff, but before it was executed. It was not necessary, therefore, that the answer should contain the formal averment that it was assigned to *Linkhart* before he had notice of the assignment of the note in suit to the plaintiff. The other note was not assigned to *Linkhart* until after the plaintiff was the holder of the note in suit, and the answer as to that note is defective, for the want of the averment that it was assigned before notice of the assignment of the note sued on to the plaintiff. The demur-

rer is to the whole answer, and as one of the notes claimed as a set-off is well pleaded, if the answer had only assumed to answer a part of the complaint, the demurrer would have been correctly overruled; but it assumes to answer the whole complaint, by the set-off of the two notes, and a tender and payment into court of the residue; and as the averments are not sufficient, in reference to one of the notes, to make it a valid set-off, the paragraph fails to answer the whole complaint, and the demurrer should therefore have been sustained.

This is a question of pleading and not of evidence. The right of the set-off is governed by the statute, which provides that, "Whatever defense or set-off the maker of any such instrument had, *before notice of assignment*, against an assignor, or against the original payee, he shall have also against their assignees." 2 G. & H. 658, § 3. The answer shows that the note for $732, claimed as a set-off, was assigned to the defendant after the assignment of the note sued on to the plaintiff, and hence the necessity that the defendant should, by averment, negative notice of the assignment at the date of the assignment to him of the note presented as a set-off. The averment is a negative one, not perhaps in the power of the defendant to prove, and therefore the *onus* of proving notice is thrown on the plaintiff, if he would defeat the set-off. It was not intended by this court to decide, in *Rawlings* v. *Fisher*, 24 Ind. 52, as a rule of pleading, that the burden of showing notice of the assignment is on the plaintiff. That question was not involved. The defense arose at the time of giving the note sued on and went to its consideration. The dictum ·that "the burden of showing notice is on the plaintiff," is true as a rule of evidence, but it is not true as a rule of pleading.

The answer is bad for another reason. It is founded in part on the notes claimed as a set-off, and either the originals, ·or copies of them, should have been filed with the answer. The code provides that when any pleading is founded on a written instrument, or· on account, the origi-

nal, or a copy thereof, must be filed with the pleading, and such copy, when the instrument is not copied in the pleadings, shall be taken as a part of the record. 2 G. & H., § 78, p. 104. The answer states that the original notes are filed with it, but the record does not contain them, and this court has repeatedly held that the defect is properly reached by demurrer.

The latter clause of sec. 6, 2 G. & H. 40, providing that "actions by assignees shall be without prejudice to any set-off or other defense existing at the time of, or before notice of the assignment, except actions on negotiable promissory notes and bills of exchange, transferred in good faith and upon good consideration before due," is not in conflict with the provisions of the act concerning promissory notes and bills of exchange. 1 G. & H. 447. The exception in the section quoted, of "actions on negotiable notes," &c., has reference only to notes that are made negotiable as inland bills of exchange, by the statute referred to.

The judgment is reversed, with costs, and the cause remanded for further proceedings.

*T. B. Adams* and *F. Berry*, for appellant.

*W. Morrow, W. H. Hay* and *J. H. Farquhar*, for appellees.

