*J. Buchanan*, for appellant.

———————◆———————

## NELSON v. MYERS.

PLEADING.— *Written Instrument.*—In a suit on a promissory note executed by the defendant to the husband of the plaintiff, the complaint alleged that said husband died testate; that by his will he gave to the plaintiff all his estate after the payment of the debts; that the estate had been finally settled by the executor, leaving said note as a part of the property bequeathed to her.

*Held,* that the complaint was not insufficient because said will or a copy thereof was not filed with it.

APPEAL from the Madison Common Pleas.

DOWNEY, J.—This was an action by the appellee against the appellant on two promissory notes, made by the appellant, payable to the husband of the appellee.

There is a paragraph in the complaint on each of the notes, and it is alleged that her husband died testate; that by his will he gave her all his estate after the payment of the debts; that the estate had been finally settled by the executor, leaving, as a part of the property bequeathed to her, the notes in said suit.

The record recited that it was shown to the satisfaction of the court, by the return of the sheriff, that the process issued in the case had been duly served on the defendant more than ten days before the first day of the term of the court, but neither the process nor return was made part of the record. There was judgment against the defendant by default. Without any steps in the common pleas to have the default set aside, the defendant appeals to this court.

Two questions are raised and discussed under the assignment of errors: first, that the will, or a copy of it, should have been filed with the complaint; second, that the court erred in rendering judgment without notice to the defendant.

On the first point, our opinion is that the plaintiff need not to have filed the will or a copy of it. The action was upon the notes, and not upon the will. It is the written instrument, or a copy of it, on which the action is brought, that must be filed with the complaint. 2 G. & H. 104, sec. 78.

With reference to the other point, a *certiorari* awarded by us brings up the summons and return, showing the issuing and service of process in time.

The judgment affirmed, with ten per cent. damages and costs.

*W. R. Pierse* and *H. D. Thompson,* for appellant.

*C. D. Thompson,* for appellee.