*J. Brown* and *R. L. Polk*, for appellees.

--------◆--------

## WOLF *v.* SCHOFIELD.

PLEADING.—*Demurrer.*—When a demurrer to a pleading states but one of the statutory causes of demurrer, it need not be numbered.

SAME.—*Bill of Particulars.*—Where an action is on an account, the complaint must show that the account is filed.

PRACTICE.—*Bill of Particulars.*—*Demurrer.*—If a party entitled to a bill of particulars prefers to ask for one, and not to raise the question by demurrer, he may do so, but the fact that the statute gives him the right to move for a bill of particulars will not prevent him from presenting the question by demurrer.

SAME.—A judgment will not be reversed for an error in sustaining a demurrer to a paragraph of an answer, if all the evidence admissible under such paragraph was admissible under a remaining paragraph.

PLEADING.—*Complaint.*—A complaint showing the making of one or more contracts between the plaintiff and the defendant, and their violation by the defendant, and alleging the amount of damages resulting therefrom to the plaintiff, for which he asks judgment, contains the essential elements of a good cause of action *ex contractu.*

PRACTICE.—*Error.*—Where a cause has been tried upon issues joined upon a complaint containing two paragraphs, one defective, and the other good, a demurrer to the former having been overruled, the record not showing

that the cause was tried, and the judgment rendered, exclusively on the good paragraph, the judgment will be reversed for error in overruling the demurrer to the defective paragraph.

APPEAL from the Carroll Circuit Court.

DOWNEY, J.—The appellee sued the appellant. The first paragraph of the complaint was as follows: "William Schofield complains of Augustus G. Wolf, and says that the defendant is indebted to him in the sum of twelve hundred dollars, for work and labor done and performed, and for materials furnished, by the plaintiff for the defendant, at his instance and request; wherefore plaintiff demands judgment for twelve hundred dollars."

The defendant demurred to the complaint in this form: "Comes now the defendant, by J. S. Rollins and Judson Applegate, his attorneys, and demurs to plaintiff's complaint, for the reason that the same does not state facts sufficient to constitute a cause of action."

This demurrer was overruled by the court, and the defendant excepted.

The defendant then answered in four paragraphs; first, the general denial; second, payment before the commencement of the action; third, that the work was done under a certain written contract, signed by the defendant, because it was supposed that it was unnecessary for the plaintiff to sign it, which was deposited with a third person as their agreement; that by this agreement the plaintiff was to clear certain lands of the defendant, within a certain time mentioned in the writing, all of which the plaintiff failed to do, by which the defendant was damaged fifteen hundred dollars; a copy of the paper referred to being made part of the answer; fourth, set-off in the sum of fifteen hundred dollars for the use of said real estate and for timber, etc., taken from the same.

The following is a copy of the agreement referred to in the third paragraph of the answer, omitting the descriptions of the land, etc.

"I, A. G. Wolf, of the town of Pittsburgh, county of Carroll, and State of Indiana, agree to sell and con-

vey to William Schofield, of," etc., "the following real estate," etc., "containing thirty-nine acres," etc., "on the express condition that the said William Schofield shall clear and put under fence forty acres of land for A. G. Wolf, described as follows, to wit," etc.; "clearing to be done in the following manner, to wit," etc.; "fifteen acres by the 1st of March, 1866, fifteen acres by the 1st of March, 1867, and ten acres by the 1st of March, 1868. Provided if said Schofield shall fail to comply with said contract this shall be null and void.

"[Dated.]	A. G. WOLF. [SEAL.]"

The plaintiff demurred to the third paragraph of the answer in this form: "Comes now the plaintiff and demurs to the third paragraph of the defendant's answer, and shows the following cause of demurrer: That the same does not show facts sufficient to constitute a good defence hereto."

This demurrer was sustained by the court, and the defendant excepted. The plaintiff replied to the second paragraph of the answer by general denial thereof.

The defendant then, by leave of the court, filed a fifth and a sixth paragraph of his answer. The fifth is as follows: "That the work and labor done by the plaintiff for the defendant was done under and by virtue of a certain agreement between the parties to this suit, entered into on the 27th day of October, 1865, the terms of which were at the time written down, and the memorandum so made left for safe-keeping by the parties hereto with one W. B.; a copy of the same is filed; that by said agreement plaintiff covenanted to and with the defendant, that he would perform the following work upon the lands of the defendant, situated," etc.; "that he would clear and put under fence, forty acres of land, to wit," etc.; "the clearing to be done in the following manner, to wit," etc., "fifteen acres by the 1st of March, 1866," etc.; "and the defendant avers that the plaintiff failed," etc., "whereby the defendant was kept out of the use of the land, and damaged fifteen hundred dollars, which he offers to set off," etc.

VOL. XXXVIII.—12

"Sixth. That the work was done under an agreement be-
tween the parties, by which the plaintiff was to clear certain
lands of the defendant; that without the assent of the de-
fendant, plaintiff abandoned and refused to execute said
agreement; that said agreement was a very advantageous
one to the defendant; and that by the refusal of plaintiff to
execute the same, defendant was damaged in the sum of
fifteen hundred dollars, which he offers to set off," etc.

The plaintiff replied to the whole answer by a general
denial. There was a second and a third paragraph of the
reply, but as they were stricken out on motion of the de-
fendant, we need not further notice them.

The plaintiff, at this stage of the case, by leave of the
court, filed a second paragraph of his complaint, in which he
alleged, that on or about the 27th day of October, 1865, the
defendant was the owner of the following described real es-
tate, situated, etc., containing one hundred and nine acres;
that on that day the defendant contracted with and hired the
plaintiff to clear and fence forty acres of said land, in con-
sideration of which defendant agreed to sell, and obligated
himself to convey, to said plaintiff lot number eight of the
above described premises, containing thirty-nine acres, as
evidenced by a written obligation executed by said Wolf, a
copy of which is filed; that the agreement was that fifteen
acres of said land should be cleared and fenced by the 1st
of March, 1866, fifteen acres by the 1st of March, 1868,
and the remaining ten acres by the 1st day of March, 1869;
but that he, the said plaintiff, can barely write his name,
and cannot read writing so as to understand it; that said
Wolf had the obligation prepared, read it to him with all the
dates as above stated, and that they placed it in the hands
of W. B. for safe-keeping; that some time about the 1st
of December, 1868, he learned, by the reading of another
person, that said obligation provided that said work should
be done as follows: fifteen acres by the first of March, 1866,
fifteen acres by the first of March, 1867, and ten acres by
the 1st of March, 1868; and he avers that the obligation

Wolf *v.* Schofield.

was read to him with dates as first above stated; that plaintiff, under the agreement, built him a house upon said lot number eight, of the value of two hundred dollars; that he had cleared and fenced on said premises, by the 1st of March, 1867, fifteen acres, and by the 1st day of March, 1868, three and a half acres more; that by the terms of the agreement, Wolf was to have the fire-wood off the land as fast as it was cut and prepared; that the wood cut by the plaintiff from March 1st, 1867, to March 1st, 1868, was left by the defendant on the ground, which was so in the way that plaintiff could not finish the remaining twelve acres agreed to be done by the 1st of March, 1868; that sometime about the 1st of July, 1868, the plaintiff was notified by one George W. Hubbard that he was the owner of said premises, and that he must leave and give up said premises to him, said Hubbard; that said Wolf had sold said premises to one Charles Phelps, and said Phelps to said Hubbard; and that afterward, in January, 1869, plaintiff was dispossessed of said premises by an order of a court of said county; that by reason of said sales and ouster, said plaintiff was prevented from finishing said work according to said agreement; otherwise said work would have been completed by the first of March, 1869, in accordance with the same; that in April, 1867, the defendant agreed with the plaintiff to break and plant the first above described fifteen acres in corn, for which plaintiff was to have two-thirds of the corn raised on the same, and have further time, if necessary, to finish the clearing of said land; that in compliance with said last named contract, said plaintiff did break and cultivate said fifteen acres in 1867, and also three and a half acres in 1868, making for the year 1868 eighteen and a half acres in cultivation. Wherefore the plaintiff says that by reason of the sales, dispossession, and additional contract, as above described, a portion of said lands, to wit, twelve acres, has not been completed and cleared, as provided in the first contract, and nine and a half acres partly done, but not finished, for the reason that defendant neglected to take his wood

away. And the plaintiff says that by reason of all these wrongs of the defendant, he has been damaged in the amount of twelve hundred dollars, for which he demands judgment This paragraph of the complaint was verified by the oath of the plaintiff.

The defendant demurred to the second paragraph of the complaint, but his demurrer was overruled, and he excepted.

The defendant filed the same answer to this paragraph as to the first, and also the following to both paragraphs of the complaint:

"And for a further answer to both paragraphs of plaintiff's complaint, and by way of counter claim, defendant says that the plaintiff is indebted to him in the sum of seventy-five dollars upon a promissory note, of which the following is a copy:

"'$65.00.          ᴠPITTSBURGH, Oct. 27th, 1865.

"'Five months after date I promise to pay to the order of A. G. Wolf, sixty-five dollars, value received, without any relief from valuation or appraisement laws.

"'WILLIAM SCHOFIELD.'

"Which amount, to the extent of plaintiff's damages, he offers to offset against the same, and for the remainder demands judgment."

The plaintiff demurred to this paragraph of the answer, and his demurrer was overruled. He then replied by general denial.

There was a trial by jury; verdict for the plaintiff for five hundred dollars, after deducting the amount of the note pleaded as a set-off.

The defendant moved the court for a new trial, for written reasons filed by him; which motion was overruled, and final judgment was rendered for the plaintiff for the amount found in his favor by the jury. An appeal to this court was prayed, and ninety days given in which to file the appeal bond and bill of exceptions; but no bill of exceptions was ever filed.

The errors assigned are as follows: First, the overruling

Wolf *v.* Schofield.

of the demurrer to the first paragraph of the complaint; second, the sustaining the demurrer to the third paragraph of the answer; third, the overruling of the demurrer to the second paragraph of the complaint; fourth, the overruling of the appellant's motion for judgment *non obstante veredicto;* fifth, overruling the appellant's motion in arrest of judgment; sixth, in overruling the appellant's motion for a new trial.

The first question relates to the overruling of the demurrer to the first paragraph of the complaint. It is provided by statute, that "unless the demurrer shall distinctly specify and number the grounds of objection to the complaint, it shall be overruled." 2 G. & H. 77, sec. 50, clause 6. The demurrer in this case does not number the ground of objection. The court has, however, concluded to hold that where there is but one objection, it need not be numbered.

The objection made to the first paragraph of the complaint is, that it is not accompanied by an account of the work and labor done and materials furnished. It is provided by the code that "when a pleading is founded on a written instrument, or on account, the original or a copy thereof, must be filed with the pleading. A set-off or a counter claim is within the meaning of this section. * * * The account, if the items are numerous, shall not be copied in the pleadings, nor deemed to be part of the record, unless by order of the court." 2 G. & H. 104, sec. 78. Perhaps, under these provisions, as the account is not necessarily to go into and form part of the record, we could not determine whether such account was really filed with the pleading or not. But in the forms enacted by the legislature, numbers 10 and 11 (2 G. & H. 376), and which have been in constant use for nearly twenty years, it is stated in the body of the complaint that the account is filed. And we think that where the action is on an account, the complaint must, on its face, show that the account is filed. We are aware that it is provided by the code that the court, on motion, may order a further bill of particulars, when the one delivered is defective, and may, in all proper cases, upon motion, order a bill

of particulars of the claim of either party, and abstracts of title to be furnished. 2 G. & H. 105, sec. 79.

If the party entitled to a bill of particulars prefer to ask for one, and not to raise the question by demurrer, he may, no doubt, do so; but the fact that he may take this course does not show that he may not pursue the other. We think he may present the question by demurrer. If we held that no account need be filed in this case, it would be difficult to find a case in which one need be filed. The complaint is very general, both as to the work and the materials furnished. It has been held in several cases, that a failure to file the original, or a copy of the instrument, where the action is upon a written instrument, is ground of demurrer; and in the case of *The Peoria Marine, etc., Co.* v. *Walser,* 22 Ind. 73, it was held that, in order that the court may know that a written instrument is filed with the pleading, as constituting the foundation of the particular action, it must be identified by reference to it, and making it an exhibit in the pleading.

The next question relates to the action of the court in sustaining the plaintiff's demurrer to the third paragraph of the answer. The reason urged by counsel for the appellant why this demurrer should not have been sustained is that in assigning the cause of demurrer it does not pursue the language of the code. We have copied the demurrer above. It seems to us substantially the same as the fifth cause for demurrer mentioned in the code. But if the demurrer to the third paragraph should for this reason have been overruled, we could not, for this cause, reverse the judgment, for the reason that the fifth paragraph of the answer, as will be seen, set up the same facts as were set up in the third, and was based on the same written agreement. Issue was taken on the fifth paragraph, and the defendant could put in precisely the same evidence under it that he could have given under the third. *The Evansville, etc., Railroad Company* v. *Baum,* 26 Ind. 70.

We see no good objection to the second paragraph of

the complaint. It is true that it is not very formal, but this may grow out of the nature of the facts which had to be alleged. It shows the making of one or more contracts between the plaintiff and the defendant, and their violation by the defendant, and alleges the amount of the damage resulting therefrom to the plaintiff, for which he asks judgment. These are the essential elements of a good cause of action *ex contractu.*

There is nothing in the record on which to base the fourth, fifth, and sixth assignments of error. The record shows no motion, nor, as we can see, any ground for a motion for judgment *non obstante veredicto,* or in arrest of judgment. The objection, that there was no issue completed by the filing of a reply, is obviated by the return to the *certiorari* which was issued on motion of the appellee. The evidence not being in the record, nor any bill of exceptions, the motion for a new trial must be regarded as having been correctly overruled.

If we could see that the case was tried and the judgment rendered exclusively on the second paragraph of the complaint, we might affirm the judgment, notwithstanding the first paragraph was defective. But this is not shown, and the overruling of the demurrer to the first paragraph of the complaint being a substantial and material error, for this cause the judgment must be reversed.

The judgment is reversed, with costs, and the cause remanded.

*J. Applegate,* for appellant.

*A. H. Evans,* for appellee.