## DROOK *v.* IRVINE.

PLEADING.—*Copy of Written Contract.—Demurrer to Reply to Bad Answer.* Suit on a promissory note, secured by a chattel mortgage upon a portable saw-mill. Answer that the note was given in consideration of the sale of the portable saw-mill, which sale was made upon a written agreement, executed by the plaintiff to the defendant, warranting the mill to be in good and complete running order; that there was a breach of said warranty, etc. There was no copy of the written contract filed with the answer. To this there was a reply, that the written contract was simply preliminary to an examination of the mill by the defendant, and that such examination had been made, and the note thereupon executed, and the written contract surrendered up. A demurrer to this reply was overruled.

*Held,* that the reply was good, and that if bad the demurrer should have been sustained to the answer for the failure to file therewith a copy of the written agreement.

APPEAL from the Grant Common Pleas.

OSBORN, J.—This was an action instituted in the court of common pleas of Grant county, by the appellee against the appellant, upon a promissory note and to foreclose a chattel mortgage upon a portable saw-mill in that county. The appellant answered that the note and mortgage were given in consideration of the sale to him, by the appellee, of the mill mentioned in the mortgage; that the appellee, at the time, entered into a written agreement, by which he warranted,

amongst other things, that the mill so sold was in good and complete running order, with all the fixtures and appurtenances belonging to it. He also averred that the mill was not in good running order, and states wherein it was out of order, the particulars of which it is not necessary to state here, in order to understand the question to be decided. No copy of the written contract was filed with the answer. To that answer the appellee replied in two paragraphs, the general denial, and one in which it is stated that the appellee, a few days before the making of the contract mentioned in the answer, verbally sold the mill to the appellant, and entered into the contract for the purpose of binding the parties until they should test the mill and execute the note and mortgage and other writings therewith connected; that afterward they met, examined, and tested the mill, and thereupon the appellant, being fully satisfied with the mill, executed said papers, and accepted the mill in satisfaction of the written contract, and surrendered the same to the appellee for cancellation. A demurrer was filed to the replication, which was overruled, and duly excepted to.

The cause was tried by the court, finding for the appellee, motion for a new trial overruled, exception, and judgment on the finding.

The errors assigned are, first, overruling demurrer to second paragraph of reply; second, overruling the motion for a new trial; third, rendering judgment of foreclosure.

The demurrer to the reply ought to have been sustained to the answer, because no copy of the written contract was filed with it. 14 Ind. 19; 14 Ind. 311; 14 Ind. 131; 13 Ind. 58; 13 Ind. 61; 13 Ind. 146. And although the replication might be bad, still there would be no available error in favor of the appellant in this case, for the reason that it is not error to overrule a demurrer to a bad reply to a bad answer. 15 Ind. 169; 35 Ind. 304. But we see no objection to the reply in this case. The evidence is not before us, and we cannot therefore decide upon the question of the new trial. If the appellant desired this court to pass upon the evidence

and decide upon its sufficiency to sustain the finding, he should have set it out in a bill of exceptions. That he failed to do.

The last error assigned is, in rendering judgment of foreclosure. No error is pointed out by the appellant, and we have not been able to find any. The foreclosure was a part of the remedy prayed in the complaint. On the trial, the court found generally for the appellee, and he was entitled to a judgment of foreclosure on the complaint and finding.

The judgment of the said common pleas court of Grant county is affirmed, with five per cent. damages and costs.

*A. Steele, R. T. St. John, J. Brownlee,* and *H. Brownlee,* for appellant.

*J. Van Devanter* and *J. F. McDowell,* for appellee.