PRINCE ET AL. *v.* THE STATE, EX REL. SAGE ET AL.

SHERIFF'S BOND.—*Pleading.*—*Demurrer.*—In a suit upon a sheriff's bond, a failure to set out the bond with the complaint renders the complaint bad on demurrer.

APPEAL from the Tipton Circuit Court.

DOWNEY, J.—Upon an examination of the record in this case, we find that it was an action by the appellees against the appellants on a sheriff's bond, in which Prince was the principal and the other appellants his securities. The complaint was in three paragraphs, the first of which was stricken out on motion of the defendant. Demurrers to the second and third were overruled, and the defendants excepted. The defendants filed an answer, and there were demurrers to the fifth and sixth paragraphs thereof, which were sustained, and the defendants again excepted. The issues were completed, there was a trial by the court, and a special finding, on which, over a motion for a new trial, judgment was rendered for the plaintiffs.

Errors are assigned calling in question the correctness of the rulings of the court in overruling the demurrers to the complaint, in sustaining the demurrers to the fifth and sixth paragraphs of the answer, and in various other particulars.

In attempting to understand and determine the first question, that is, the sufficiency or insufficiency of the second and third paragraphs of the complaint, we have examined the record, and fail to find, in connection with the pleadings, any copy of the bond on which these paragraphs are founded. The paragraphs do not set out either the tenor or purport of the bond. Hence we are unable to know what was in the bond, or that the matters alleged as a breach of its condition were such as to constitute a cause of action.

The demurrer says they were not sufficient. Under such a demurrer it has been repeatedly ruled by this court, that a failure to file the original or a copy of the instrument, on

which the pleading is founded, is a fatal defect in the pleading. *Wolf* v. *Schofield*, 38 Ind. 175; *The Peoria, etc., Ins. Co.* v. *Walser*, 22 Ind. 73, and cases there cited. Hence we must hold that the second and third paragraphs of the complaint were not sufficient, and that the demurrers to them should have been sustained. It may be well enough to state that each of the paragraphs in question alleges that a copy of the bond is filed, and such may have been the fact. But we are not allowed to infer such filing, in the absence of the instrument in the record in connection with the pleadings.

The next question relates to the sufficiency of the fifth and sixth paragraphs of the answer. We cannot decide whether these paragraphs of the answer were sufficient or not, when we do not legally know what the cause of action was.

The same may be said as to the other questions presented.

The judgment is reversed, with costs, and the cause remanded, with instructions to sustain the demurrers to the second and third paragraphs of the complaint.

*Bell & Bell, C. N. Pollard, N. P. Richmond,* and *C. E. Hendry,* for appellants.

*R. Vaile,* for appellees.