## BROWN ET AL. *v.* THE STATE, EX REL. BROWN.

PLEADING.—*Founded on Written Instrument.*—Where a pleading is founded on a written instrument, the original or a copy thereof must be filed with the pleading.

From the Monroe Common Pleas.

*P. C. Dunning, B. E. Rhoads,* and *J. H. Louden,* for appellants.

OSBORN, J.—This was an action upon a guardian's bond. The complaint avers that a copy of the bond is filed with the complaint. None was filed. A demurrer was filed to the complaint, on the ground that it did not contain facts sufficient to constitute a cause of action. It was overruled, and an exception taken.

The complaint was defective, and the demurrer to it should have been sustained. " When any pleading is founded on a written instrument or on account, the original or a copy thereof must be filed with the pleading." 2 G. & H. 104. The statute is imperative that the instrument or a copy of it must be filed with the pleading; alleging that it is filed is not enough. It must be in fact filed; and if not, the pleading is demurrable. *Price* v. *The Grand Rapids, etc., R. R. Co.,* 13 Ind. 58; *Kiser* v. *The State,* 13 Ind. 80; *Hillis* v. *Wilson,* 13 Ind. 146; *The Peoria, etc., Insurance Co.* v. *Walser,* 22 Ind. 73; *Holdridge* v. *Sweet,* 23 Ind. 118; *Sayres* v. *Linkhart,* 25 Ind. 145; *Nelson* v. *Myers,* 34 Ind. 431; *Prince* v. *The State, ex rel. Sage,* 42 Ind. 315.

In this case, neither the original nor a copy of the bond was filed with the complaint. For the error of the court in overruling the demurrer to the complaint, the judgment must be reversed. Other questions are discussed by the appellant, but as the decision of the one arising on the demurrer to the complaint disposes of the whole case, and as the appellee has filed no brief, we do not deem it necessary to pass upon any other.

The judgment of the said Monroe Common Pleas is

reversed, with costs, cause remanded, with instructions to the court below to sustain the demurrer to the complaint, and for further proceedings.