<hr/>

## Stafford et al. *v.* Davidson, Adm'r.

47  319
158  303

Pleading.—*Complaint on Promissory Note.—Copy of Instrument Sued on.*—
    A complaint upon a promissory note must aver that the note remains unpaid.
    Where a pleading is founded on a written instrument, the original instrument
    or a copy must be filed with the pleading, and, that the court may know that
    such instrument is so filed, it must be identified by reference, and by making
    it an exhibit.    Filing a copy without reference is not sufficient.    An averment
    in such complaint as follows: "a copy of which note is now due, and remains
    wholly unpaid," is too vague on each of these points.
Will.—*Parties.*—Where the wife of A. devised certain real estate to her son,
    B., subject to a charge of four hundred dollars, to be paid to A. if he should
    want and require the same during his life, directing that if any of it should
    remain unpaid at the death of A., it should be paid to the heirs of the testa-
    trix;
*Held,* that in a suit by the administrator of the estate of A. to recover on a note
    given by the widow of B. and C. as her surety, for a part of the four hundred
    dollars, the executor of the wife of A. should be admitted as a defendant to
    resist the collection of the note by the administrator of the estate of A.
*Held,* also, that whatever portion of such sum remained unpaid at the death of
    A., it vested in the children of the testatrix.

From the Vanderburgh Circuit Court.

*J. W. Wartman* and *S. R. Hornbrook,* for appellants.

*B. Hynes,* for appellee.

BUSKIRK, J.—This action was commenced by John W. Davidson, administrator of the estate of John Young, deceased, against Ann Stafford and P. C. Eberwine, upon a note executed by them, payable to John Young, in the sum of two hundred dollars.

The defendants demurred to the complaint for the want of sufficient facts, but their demurrer was overruled, and they excepted. This ruling of the court is assigned for error, and presents the only question raised by the original defendants.

Two objections are urged to the complaint, and they are:

1. That it is not alleged that the note was due and unpaid.

2. That while a copy of the note is attached to the complaint, there is no allegation in the complaint making it a part thereof.

The complaint, so far as these questions are concerned, is as follows : " A copy of which note is now due and remains wholly unpaid."

It has been repeatedly held by this court, that in an action upon a note, the complaint, to be sufficient, should contain an averment that the note remains unpaid ; and such is the requirement of the form prescribed by the statute for a complaint upon a note. See form No. 1, 2 G. & H. 373 ; *Lawson* v. *Sherra,* 21 Ind. 363 ; *Pace* v. *Grove,* 26 Ind. 26 ; *Howorth* v. *Scarce,* 29 Ind. 278.

It is also well settled, that where a pleading is founded on a written instrument, the original or a copy must be filed with it ; and if the original or a copy is not so filed, the defect may be reached by demurrer ; and in order that the court may know that a written instrument is filed with the pleading, as constituting the foundation of the particular action or defence, it must be identified by reference to it, and making it an exhibit in that pleading. *Hiatt* v. *Goblt,*

18 Ind. 494; *Price* v. *The Grand Rapids, etc., R. R. Co.,* 13 Ind. 58; *Kiser* v. *The State,* 13 Ind. 80; *Hillis* v. *Wilson,* 13 Ind. 146; *Tucker* v. *The State,* 13 Ind. 332; *The Indianapolis, etc., R. R. Co.* v. *Remmy,* 13 Ind. 518; *Woodford* v. *Leavenworth,* 14 Ind. 311; *Butler* v. *Wadley,* 15 Ind. 502; *The Peoria, etc., Ins. Co.* v. *Walser,* 22 Ind. 73; *McMillen* v. *Terrell,* 23 Ind. 163; *Williamson* v. *Foreman,* 23 Ind. 540; *Lytle* v. *Lytle,* 37 Ind. 281; *Wolf* v. *Schofield,* 38 Ind. 175; *Hamrick* v. *Craven,* 39 Ind. 241; *Heitman* v. *Schnek,* 40 Ind. 93; *Mercer* v. *Hebert,* 41 Ind. 459; *Prince* v. *The State,* 42 Ind. 315.

The averments, on both points, are too vague and indefinite. There has been an omission in the pleading or transcript, but we must decide upon the record as we find it. It is not sufficient to say that a copy of the note remains wholly unpaid. Nor is there any reference in the complaint so as to identify the note, nor does it profess to file the note as an exhibit. The mere filing of a copy, without reference to it as an exhibit, is not sufficient. The court erred in overruling the demurrer to the complaint.

The appellant James L. Stafford, executor of the last will and testament of Elizabeth Ann Young, deceased, filed his petition at the proper time, asking to be made a party to the action. Said petition is in words and figures as follows: "The said James L. Stafford, executor, says that Elizabeth Ann Young died testate, in the county of Vanderburgh, on the —— day of February, 1868; that her last will and testament was duly admitted to probate, and he, the said Stafford, qualified as executor thereof; that by the provisions of said will, a copy of which is filed herewith as part hereof, the said testatrix devised to her son, Job Stafford, a certain house and lot, in and on which the testatrix and her husband, John Young, then resided; that said Job Stafford was to take said house and lot subject to a charge of four hundred dollars, to be paid to the said John Young, her husband, if he should want and require the same, to be paid during his lifetime; and should any part of said amount

of four hundred dollars remain unpaid at the death of said John Young, it should be paid to the heirs of said testatrix. And James L. Stafford, executor as aforesaid, says that soon after the death of said testatrix, the said Job Stafford died intestate, and the defendant Ann Stafford, being the widow of the said Job, for and on behalf of the heirs of said Job Stafford, paid the said John Young two hundred dollars as a part of the said four hundred dollars, and executed her note, with the defendant P. C. Eberwine as surety, for the balance, to wit, two hundred dollars; and that said note is the same as that sued on in this action, the said John Young having departed this life, leaving said note unpaid. And the said James L. Stafford says, that at the maturity of the note on which this action is brought, the defendant Ann Stafford offered and proposed to said John Young, to pay the amount of said note, and that he informed her that he would not require the same to be paid until October, 1873. And the said executor says that said John Young, during his lifetime, received from the estate of said testatrix money and other personal property sufficient to maintain and support him during his life, and which did so maintain him, and at his death left more than enough money to pay his funeral expenses, and expenses of last sickness; wherefore the said James L. Stafford, executor, asks to be made a party to this proceeding; that the said plaintiff be restrained and forever enjoined from enforcing the collection of said note; and that he, said Stafford, executor, have judgment against the defendants Ann Stafford and P. C. Eberwine, for the amount of said note, and for all proper relief."

Which is subscribed and sworn to by the petitioner.

The will referred to is as follows: " In the name of the Benevolent Father of all, I, Elizabeth Ann Young, of Vanderburgh county, in the State of Indiana, do hereby make and publish this my last will and testament: I give to my husband, during his natural life, all of my property, both real and personal, for his own use; and at his death, it is my will that his funeral expenses shall be paid out of any prop-

erty that is left. He shall have a decent, respectable funeral, and he must have as good a head and foot stone as I have over my own grave.

" And it is my wish that my son Job Stafford, at the time of my husband's death, have the dwelling-house and lot, being my tract of land in Centre township, Vanderburgh county, Indiana, now occupied by my husband and myself; provided he pays my said husband, John Young, the sum of four hundred dollars during his natural life, if he, the said John Young, shall require the same to be paid; but it is hereby understood, that my said husband shall have the possession of said house, as well as all my other property, during his life; and it is my will that whatever of the four hundred dollars, if any, may be left unpaid to my said husband, John Young, at the time of his death, shall be equally divided amongst all of my children. And whatever of my property, both real and personal, that may be left at the death of my said husband, and after deducting his funeral expenses as above mentioned, it is my will that the same shall be equally divided with all of my children, should they be living; and if any of them should die before my said husband, I will that their children, if any be living, shall take the share of their deceased parent. I do hereby nominate and appoint my son James L. Stafford my executor to this my last will and testament; and it is my desire that my said executor see to the wants, and take care of my said husband in his old age.

" I hereby revoke all wills by me before made. I want my said children to bury my said husband alongside of me; and if nothing shall be left, I desire my children to go to the expenses of his funeral, according to my wishes heretofore expressed."

Duly signed and witnessed.

To the petition of the executor the appellee filed his demurrer, which was sustained, and exception taken to the ruling of the court, which is assigned for error.

The executor contends that he is the proper person to

receive the amount of the note in controversy, and that the appellee, who is the administrator of John Young's estate, is not entitled to it.   This is the only question in this branch of the case.

We understand from the brief of counsel for appellant, there being no brief on the part of appellee, that the appellee in the court below assumed the following positions :

1st. That as soon as John Young, the husband, elected to take the four hundred dollars, he thereby required the same to be paid, and that under the will it vested in him as his property.

2d. That the note for two hundred dollars was taken as payment, and the whole amount having been paid, no part of the four hundred dollars remained unpaid for the executor to claim.

3d. That, at all events, the administrator is the only proper person to collect said note, and if the executor has any right to the amount thereof, he must proceed against John Young's estate in the usual way.

Counsel for appellant, in answer thereto, argue as follows : " We are not certain which of these views the court concurred in.   It is plain from the provisions of the will, that the testatrix contemplated that her husband might express his intention to take the four hundred dollars of Job Stafford, and might receive a part of it, and that the part not received by him during his life should go to her executor.   And we contend that these are the circumstances and facts as they exist in this case, and we contend that the taking of the note for two hundred dollars did not change the rights of the parties; that it cannot be regarded as payment, but only an evidence of indebtedness ; and that the amount of the note remains unpaid, and is to go to the executor for the children, just as though no note had been executed.   And we insist that it was not the intent of the testatrix that the right to any of her property should pass under her will to her husband, any further than was necessary to provide for his wants, and furnish him a competency during his life; and

should anything be left unconsumed and undisposed of at his death, it should go to her children.

"As to the third proposition, that the executor should proceed to collect his claim by filing the same against the estate, we hold it is not in accordance with the spirit or letter of the statute authorizing persons having an interest in the controversy to be made parties; and in *Rapp* v. *Matthias*, 35 Ind. 332, an executor was made a party in a case similar in many respects to the case at bar."

The testatrix devised her dwelling-house to her husband, John Young, for and during his life, with the remainder in fee to her son Job Stafford, on the condition that he should, if required, pay to the said John Young, during his natural life, the sum of four hundred dollars. By the will, Job Stafford was not compelled to pay anything to John Young, unless required by him so to do. It appears that he did require the payment of two hundred dollars, which was accordingly paid, and by such payment it became his property. It is to be noted that John Young had only the power to require the payment during his natural life. If this clause of the will stood alone, the execution of the note might be regarded as a payment; but it is further provided: "And it is my will that whatever of the four hundred dollars, if any, may be left unpaid to my said husband, John Young, at the time of his death, shall be equally divided amongst all of my children." It was the evident purpose of the testatrix to make a comfortable provision for her husband during his life, and that whatever of her estate was left at his death should vest in her children. We think that whatever of said sum of four hundred dollars was unpaid at the death of her husband descended to and vested in her children, under and by virtue of her said will; and that her executor should have been made a party to the action.

It results that the court erred in sustaining the demurrer to the petition of the executor.

The judgment is reversed, with costs; and the cause is remanded, with directions to the court below to sustain

the demurrer to the complaint, and for further proceedings in accordance with this opinion, if the complaint should be made good.