## MONTGOMERY ET AL. *v.* GORRELL ET AL.

PLEADING.—*Exhibit.*—Where a complaint is founded solely on a written instrument, if such instrument, or a copy thereof, be not filed with the complaint and made a part thereof, the complaint will be bad on demurrer.

SAME.—*Striking out Pleading.*—Action for the recovery of the possession of real estate. Cross complaint making an additional party defendant, who answered, disclaiming any interest in the real estate and showing that it was the property of the original plaintiff by devise.

*Held,* that it was error to strike out said answer on motion of the original defendant.

From the Jefferson Circuit Court.

*J. L. & E. R. Wilson, J. H. Stotsenburg, E. J. Leland* and *V. Kirk,* for appellants.

*C. A. Korbly* and *W. T. Friedley,* for appellees.

PETTIT, J.—The appellees filed a motion to dismiss this appeal, which was overruled in a written opinion by BUS-KIRK, C. J., 49 Ind. 230.

The appellees also made a proper application for a *certiorari* to perfect the record, which was granted, but no return has been made to it.

This action was originally brought by Nathaniel Montgomery, Alexander Montgomery, Catharine Montgomery and Delilah Montgomery against John F. Gorrell. The complaint is for possession of realty.

Gorrell filed an answer of general denial and also two paragraphs called by him "answer and cross complaint," asking to have his wife, Mary J. Gorrell, and also Catharine Montgomery, widow of Alexander Montgomery, deceased, Johnson Montgomery and Jacob Montgomery made defendants, which was done by the court.

Of Gorrell's cross complaint, the second paragraph declares upon a verbal contract with Alexander Montgomery, deceased, (the ancestor of all the parties) for the land in dispute, setting up possession under the contract and valuable improvements thereon, a failure to convey by the grantor, his death,

and claiming a specific performance by the Montgomerys, as heirs of the decedent.

The third paragraph of the cross complaint declares on a written contract from said Montgomery, deceased, for said land; with a like prayer for specific performance.

The four plaintiffs file separate demurrers for want of sufficient facts to each paragraph of said cross complaint. The other defendants to the cross complaint, viz., Catharine, Johnson and Jacob Montgomery, also file separate demurrers to each paragraph of the same for the same reason.

These demurrers were all overruled, and proper exceptions to these rulings were saved by appellants.

The demurrers to the third paragraph of John F. Gorrell's answer and cross complaint should have been sustained, because, if for no other reason, it is founded solely on a written instrument, and neither the original nor a copy of it is filed with his cross complaint; saying in the complaint that a copy is filed, is not sufficient. The instrument or a copy must in fact be filed and made a part of the pleading, and the record must show these facts. 2 G. & H. 104, sec. 78. *Brown* v. *The State, ex rel. Brown,* 44 Ind. 222, and cases there cited.

The four plaintiffs to the original action, in addition to general denials, answered specially, setting up title by devise from their ancestor (said Alexander Montgomery, deceased,) to equitably equalize them in the distribution of his estate, etc.

Defendants Catharine (the widow), Jacob and Johnson Montgomery also answer in two paragraphs, disclaiming any interest in the land in controversy and showing that it is the property of plaintiffs.

All of the special answers were stricken out on Gorrell's motion, and exceptions to the ruling saved.

Counsel argue as follows, which we fully approve and adopt:

"The special answers of the widow, Johnson and Jacob, allege the testacy of their ancestor, specifically setting forth that part of his will in which this property is devised solely

to the four original plaintiffs, and then as to themselves set up a disclaimer to any portion of it. If the facts in these special answers are true, certainly the Gorrells could have no right of action against either of them, because whatever title their ancestor may have had in the land vested at his death in the four original plaintiffs, subject to whatever claim the Gorrells or anybody else might have. No part was left in abeyance or dependent on any contingency that could ever vest even the shadow of a claim in either of these three defendants; it was therefore error to strike out their special answers and compel them to endure the vexation and expense of this litigation." 2 G. & H. 284, sec. 613.

It is not necessary to notice any alleged errors occurring after these, for the reason that if the ruling on these had been right, the others might not, and probably would not, have arisen.

The judgment is reversed, at the costs of the appellees, with instructions to sustain all the demurrers to the third paragraph of John F. Gorrell's answer and cross complaint, and to overrule the motion to strike out the answers of Catharine, the widow, and Johnson and Jacob Montgomery.

Petition for a rehearing overruled.