No. 7630.

## HILL v. MAYO.

PROMISSORY NOTE.—*Pleading.*—*Exhibit.*—*Record.*—*Evidence.*—*Presumption.*—*Supreme Court.*—Where, in an action on a promissory note, the record, on appeal to the Supreme Court, shows that the complaint alleged that the note and endorsement were filed with the complaint, and copies thereof follow the complaint in such record, it will be presumed that the clerk properly discharged his duty in making up the record, and its recitals, therefore, are *prima facie* evidence that the note and endorsement were filed with the complaint.

From the Tipton Circuit Court.

*J. W. Robinson*, for appellant.

*J. Green* and *D. Waugh*, for appellee.

FRANKLIN, C.—Mayo sued Hill upon a promissory note executed by Hill to Mayo & Shalter, and endorsed by Mayo & Shalter to Mayo.

The defendant filed a demurrer to the complaint, assigning for cause that the complaint did not state facts sufficient to constitute a cause of action. The demurrer was overruled, and judgment given on demurrer for the plaintiff.

In this court the only error assigned in the proceedings of the court below is the overruling of the demurrer. The complaint is in the usual form upon a promissory note, and alleges that the note and endorsement were filed marked "Exhibit B," and made a part of the complaint. The record nowhere shows whether either the note or endorsement was filed with the complaint or marked "Exhibit B." Immediately following the complaint in the record, there appears a copy of a note and endorsement the same as those described in the complaint.

The statute provides that, "When any pleading is founded on a written instrument or on account, the original or a copy thereof, must be filed with the pleading." 2 G. & H., p. 104.

In the case of *Brown* v. *The State, ex rel.*, 44 Ind. 222, the following language is used: "The statute is imperative that

the instrument, or a copy of it, must be filed with the plead-- ing; alleging that it is filed is not enough. It must be in. fact filed; and if not, the pleading is demurrable." And quite a number of decisions of this court are referred to in support: thereof. In the case of *The Peoria M. & F. Ins. Co.* v. *Walser*, 22 Ind. 73, Judge PERKINS, in delivering the opinion. of the court, uses the following language: "It is further set-- tled that, in order that the court may know that the written instrument is filed with the pleading, as constituting the- foundation of the particular action, it must be identified by reference to it, and making it an exhibit in that pleading.'" In the case of *Brown* v. *The State, ex rel., supra*, neither the bond nor a copy was filed with the complaint.

The opinion in *The Peoria F. & M. Ins. Co.* v. *Walser,. supra*, appears to be based upon the idea that neither the original nor a copy of the policy sued on was filed with the complaint, without stating what the record showed upon that subject. In this case the record shows that the complaint alleged that the note and endorsement were filed with the complaint, and that a copy of the note and endorsement im-- mediately follows the complaint in the record. The clerk is. presumed to have discharged his duty, and copying the. note and endorsement in connection with the complaint is. *prima facie* evidence that the note and endorsement were filed with the complaint. *Reed* v. *Broadbelt*, 68 Ind. 91; *Friddle* v. *Crane*, 68 Ind. 583. We see no error in overruling the demurrer to the complaint.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment below be, and is hereby, in all things affirmed, at costs of appellant.