No. 10,594.

ANDERSON SCHOOL TOWNSHIP *v.* THOMPSON.

TOWNSHIP TRUSTEE.—*Public Office.*—*Books and Records.*—*Open for Public Inspection.*—The office of a township trustee is a public office, and the records and other books of such trustee are always open for public inspection.

PLEADING.—*Written Instrument.*—*Filing of Copy.*—*Sufficient Excuse.*—*Demurrer.*—Where a pleading is founded on a written instrument, section 362, R. S. 1881, imperatively requires that the original or a copy be filed

with such pleading; and if this be not done, and a sufficient excuse for such omission be not shown in the pleading, it will be bad on demurrer for the want of sufficient facts. Where the pleading is founded on a written instrument, which is of record or on file in a public office, it is not a sufficient excuse for a failure to file the original or a copy, to allege that the custodian of the original refuses to surrender it.

From the Madison Circuit Court.

*E. P. Schlater, M. S. Robinson* and *J. W. Lovett,* for appellant. *C. D. Thompson,* for appellee.

Howk, J.—This was a suit by the appellee against the appellant, to recover damages for an alleged breach of a written contract by and between the parties, for the erection of a brick school-house. The cause was put at issue and tried by a jury, and a verdict was returned for appellee, and judgment was rendered on the verdict.

The first error complained of by the appellant, in this court, is the overruling of its demurrer, for the want of sufficient facts, to appellee's complaint. In discussing this alleged error the appellant's counsel say: " We submit that no sufficient reason is alleged or shown in the complaint why a copy of the contract sued on is not filed with, and made part of, the complaint. The averment on this point is, ' and he says he can not give a copy of said contract, because the original is in the hands of the defendant, and he (it ?) refuses to surrender the same.' The averment fails to show that he could not obtain a copy, that he was refused an inspection of the contract, or that there was no copy of the original which he could procure, and does not show any demand for the original contract, or for the inspection or copy thereof."

It seems to us that this objection to the sufficiency of the complaint, in this case is well taken, and must be sustained. In section 362, R. S. 1881, it is provided as follows: " When any pleading is founded on a written instrument or on account, the original, or a copy thereof, must be filed with the pleading." This is a literal re-enactment of the same provision in section 78 of the civil code of 1852, 2 R. S. 1876,

p. 73. The provision is imperative and must be complied with, or the pleading founded on the written instrument must allege a sufficient excuse for the failure to file the original instrument, or a copy thereof. *Brown* v. *State, ex rel.,* 44 Ind. 222; *Sinker, Davis & Co.* v. *Fletcher,* 61 Ind. 276. An allegation in the pleading, that the instrument was either lost or destroyed, has been held to be sufficient to excuse the filing of a copy thereof. *Blasingame* v. *Blasingame,* 24 Ind. 86.

In this case, as we have seen, the appellee's excuse for not filing a copy of the contract, which is the foundation of his complaint or cause of action, is " because the original is in the hands of the defendant, and he refuses to surrender the same." We suppose the pleader intended to say that the original contract was in the hands of the defendant's trustee, and he refused to surrender the same. If the appellee demanded of the defendant's trustee the surrender of the original contract, it is true, no doubt, that the trustee refused, as it was his duty to do, to surrender such contract; but the office of the township trustee is a public office, and he is required " To keep a true record of his official proceedings in a book to be provided for that purpose." Section 5993, R. S. 1881. " The records and other books of the township trustee shall always be open for public inspection." Section 6002, R. S. 1881. It is clear, therefore, we think, that the appellee was entitled at any time, during office hours of appellant's trustee, to an inspection of his original contract In the absence of any showing to the contrary, it may well be assumed, also, that upon the reasonable request of the appellee the appellant's trustee would have promptly furnished him, at any time, a copy of such original contract.

We are of the opinion that the refusal of the appellant, or of its trustee, to comply with the unreasonable request of the appellee for the surrender to him of the original contract, can not be regarded as a sufficient excuse for his failure to file a copy of such contract with his complaint. The court erred,

therefore, in overruling the appellant's demurrer to appellee's complaint.

This conclusion renders it unnecessary for us now to consider or decide any of the questions arising under the alleged error of the court in overruling the motion for a new trial.

The judgment is reversed with costs, and the cause is remanded with instructions to sustain the demurrer to the complaint.

Filed Oct. 19, 1883. Petition for a rehearing overruled Jan. 3, 1884.