The McCormick Harvesting Machine Company *v.* Glidden.

Filed April 1, 1884.

---

No. 10,708.

## The McCormick Harvesting Machine Company *v.* Glidden.

| 94 | 447 |
| 144 | 314 |
| 94 | 447 |
| 158 | 303 |

PLEADING.—*Exhibits.*—*Practice.*—*Presumption.*—When a pleading is founded upon a written instrument, the original, or a copy thereof, must be filed with the pleading; such instrument should also be designated so as to be identified, but if it follows the pleading it will be presumed to be the instrument referred to.

From the Henry Circuit Court.

*S. H. Brown, C. S. Hernley, J. Brown* and *W. A. Brown,* for appellant.

*J. H. Mellett* and *E. H. Bundy,* for appellee.

ELLIOTT, J.—The appellant insists that the third paragraph of the appellee's answer is bad, for the reason that it fails to

set forth a copy of the written instrument on which it is founded. The answer contains this statement: "The plaintiff represented, covenanted and warranted by its written agreement, a copy of which is herewith filed and made part hereof," but no copy of the agreement was filed with the answer. In Brown v. State, ex rel., 44 Ind. 222, it was said: " The statute is imperative that the instrument or a copy of it must be filed with the pleading; alleging that it is filed is not enough. It must be in fact filed; and if not, the pleading is demurrable." Many cases affirm the like doctrine, among them Montgomery v. Gorrell, 51 Ind. 309; Ashley v. Foreman, 85 Ind. 55. The proper course is to identify the instrument referred to by placing upon it some mark or designation; but it is held that if the instrument follow the pleading referring to it, the presumption will be that it is the one referred to. Carper v. Kitt, 71 Ind. 24; Hill v. Mayo, 73 Ind. 357; Peoria M. & F. Ins. Co. v. Walser, 22 Ind. 73; Reed v. Broadbelt, 68 Ind. 91; Friddle v. Crane, 68 Ind. 583. In this case the instrument is not set forth with the pleading in any form. Judgment reversed.

Filed April 3, 1884.