Miller *v*. Bottenberg *et al.*

Filed March 13, 1896.

---

No. 17,299.

MILLER *v*. BOTTENBERG ET AL.

PLEADING.—*Answer.*—*Written Instrument,*—*Exhibit.*—The original written instrument upon which an answer is based, or a copy thereof, must be filed and made part of the answer as an exhibit, under section 365, R. S. 1894, providing that when any pleading is founded on any written instrument the original or a copy must be filed therewith.

Miller *v.* Bottenberg *et al.*

APPELLATE PROCEDURE.—*Answer.*—*Exhibit.*—*Demurrer.*—The overruling of a demurrer to an answer, because of the failure to file with it the original written agreement upon which it is based, or a copy thereof, as required by section 365, R. S. 1894, is reversible error, where the record does not show that such agreement was properly read in evidence, and was of the force and character ascribed to it in the answer, or otherwise show that the merits of the cause have been fairly determined.

From the Allen Superior Court.

*Leonard & Leonard* and *R. Lowry,* for appellant.

*H. Colerick* and *J. E. K. France,* for appellees.

McCABE, J.—The appellant, Miller, sued the appellee Bottenberg and another, to dissolve a partnership theretofore existing betwen said parties, and for an accounting.

Upon the issues joined there was a trial, finding and judgment for the defendants.

The only error assigned and not waived by the appellant is upon the action of the superior court in overruling a demurrer to the third paragraph of the answer of the defendant Bottenberg. The answer admitted that such partnership had existed, but alleged that prior to the commencement of this suit "said defendant and said Miller agreed, in writing, upon terms of dissolution satisfactory to both of said parties, and that in consideration of $450.00, which the said Miller agreed to pay to said Bottenberg for all his * * interest * * in and to all the partnership property, "with certain exceptions, alleging that the assets thus excepted were then and there divided between the partners. And that on such dissolution there had been a full accounting between the partners, and that all the debts of the firm had been paid."

The only objection urged to this paragraph of answer is that it alleges that the agreement of dis-

solution was in writing and that the original agreement, or a copy thereof, was not filed with and made a part of the answer as an exhibit.

The statute provides that: "When any pleading is founded on any written instrument, or on account, the original, or a copy thereof, must be filed with the pleading." Burns R. S. 1894, section 365 (R. S. 1881, section 362). This requirement has been held to be imperative. *Brown* v. *State, ex rel.*, 44 Ind. 222; *Prince* v. *State, ex rel.*, 42 Ind. 315; *Wolf* v. *Schofield*, 38 Ind. 175; *Peoria, etc., Ins. Co.* v. *Walser*, 22 Ind. 73; *Montgomery* v. *Gorrell*, 51 Ind. 309; *Anderson School Tp.* v. *Thompson*, 92 Ind. 556; *Overly* v. *Tipton, Admr.*, 68 Ind. 410; *Old* v. *Mohler*, 122 Ind. 594; *Blackwell* v. *Pendergast*, 132 Ind. 550.

It has been held by this court that the statute quoted applies with equal force to an answer founded on a written instrument. *Hillis* v. *Wilson*, 13 Ind. 146; *Sayres* v. *Linkhart*, 25 Ind. 145; *McCormick, etc., Co.* v. *Glidden*, 94 Ind. 447; *Landon* v. *White*, 101 Ind. 249; *Ashley* v. *Foreman*, 85 Ind. 55. We find no such writing or a copy thereof filed with the answer.

But it is earnestly contended that the error was harmless and therefore not sufficient ground to warrant a reversal.

It is provided in the code that: "No objection taken by demurrer, and overruled, shall be sufficient to reverse the judgment, if it appear from the whole record that the merits of the cause have been fairly determined." Burns R. S. 1894, section 348 (R. S. 1881, section 345).

This statute was applied by this court so as to avoid a reversal where a demurrer had been, as here, overruled to a pleading founded on a written instrument, the original or a copy thereof not being filed

with the pleading. *Baker* v. *Pyatt*, 108 Ind. 61. The ground on which this court refused to reverse for the error in overruling the demurrer in that case, was that it appeared from the whole record that the merits of the cause had been fairly tried and determined. See *Lake Shore, etc., Ry. Co.* v. *Kurtz*, 10 Ind. App. 60.

In *Baker* v. *Pyatt, supra,* there was a special finding of the facts from which this court could see that no harm had been done to the defendant by the plaintiff's failure to file the original or a copy of the deed on which the second paragraph of the complaint in that case was based, it appearing that such instrument was properly introduced in evidence.

The special finding in that case showed that the identical deed described in the paragraph, containing the same mistaken and incorrect description of the land intended to be conveyed thereby, had been executed and that the wrong description was inserted by mistake, as alleged. It was, therefore, made to appear from the whole record that the merits of the cause had been fairly tried, though the trial court had erred in overruling the demurrer to the second paragraph of the complaint for want of sufficient facts, the only defect therein being the failure to file the original or copy of the deed upon which the paragraph was founded.

If the evidence was in the record, and from it we could see that the written contract on which the third paragraph of the answer was founded, had been properly read in evidence, and that it was a contract of the force and character ascribed to it in the answer, a very different question would be presented. We would then be called on to say, under the statutory provisions quoted, whether it appeared from the whole record that the merits of the cause had been

fairly determined, notwithstanding the error in ruling on the demurrer.

Another section provides that: "The court must, in every stage of the action, disregard any error or defect in the pleadings or proceedings which does not affect the substantial rights of the adverse party; and no judgment can be reversed or affected by such error or defect." Burns R. S. 1894, section 401 (R. S. 1881, section 398); section 670, Burns R. S. 1894 (R. S. 1881, section 658), make a similar provision.

We are disposed to give full effect to these statutory provisions in all cases to which they appliy. But they do not apply to this case, because the record shows that an error has been committed against the appellant, and there is nothing in the record to show that the merits of the cause have been fairly determined, as provided in the first section quoted, or that the error or defect did not affect the substantial rights of the adverse party, as provided in the second and third sections referred to.

The judgment is reversed and the cause remanded, with instructions to sustain the demurrer to the amended third paragraph of the answer.

Filed October 25, 1895; petition for rehearing overruled March 13, 1896.