JUDSON M. BEMIS & another *vs.* GILBERT G. WILDER.

A lessee's covenant, not to lease nor underlet nor permit any person to occupy the premises without the consent of the lessor, affords no defence to the lessee in an action to recover the premises by one holding an assignment from the lessee's assignee appointed in voluntary proceedings in insolvency.

An assignment of a ten years' lease by the assignee in insolvency of the lessee is valid against such lessee, though not recorded.

ACTION on the Gen. Sts. *c.* 137, for possession of a house in Boston.

At the trial in the superior court, before *Morton*, J., without a jury, it appeared that Charles Brown demised the house to the defendant, to hold for ten years from April 1, 1862, by an indenture of lease, duly executed and recorded, in which the defendant covenanted, among other matters, not " to lease nor underlet, nor permit any other person or persons to occupy or improve " the premises, " or make or suffer to be made any alteration therein, but with the approbation of the lessor thereto in writing having been first obtained ; " that in December 1866 the defendant filed his voluntary petition for the benefit of the insolvent laws ; that John S. Moulton was chosen assignee of the defendant's estate ; that the judge of insolvency, by deed duly executed and recorded, assigned and conveyed to Moulton all the defendant's estate, as required by the insolvent laws ; and that Moulton, on April 1, 1867, executed and delivered to the plaintiffs an assignment of said lease ; but this assignment to the plaintiffs was never recorded, and the lessor, Brown, had never given any consent to either of the assignments. The plaintiffs made an entry upon the premises, but had been ejected by the defendant, who retained possession by force.

The defendant asked the judge to rule that the lease was not transferable by the assignments without the consent in writing required in the lease; and further, that it was otherwise insufficient, under the Gen. Sts. *c.* 89, § 3, to give the plaintiffs a right to the house as against the defendant, because the assignment by Moulton to the plaintiffs had not been recorded. The judge declined so to rule, and found for the plaintiffs. The defendant alleged exceptions.

*E. S. Cutter & I. J. Cutter*, for the defendant.

*E. H. Abbot & L. A. Jones*, for the plaintiffs.

COLT, J. To defeat this action to recover possession of the tenement, which the defendant, it is found, forcibly holds against the plaintiffs, a covenant not to lease nor underlet, nor permit any other person to occupy, contained in the lease between Brown, the original lessor, and the defendant, is relied upon.

The plaintiffs claim as assignees of the defendant's interest in the lease, by an unrecorded assignment from the defendant's assignee in insolvency. The court declined to rule that the lease was not transferred to the plaintiffs without the consent in writing required in its terms, and that the assignment from the assignee in insolvency was insufficient to give a right to the plaintiffs, as against the defendant, for the reason that it had not been recorded. There is no error in these refusals. It is not for the defendant to set up the breach of his own covenant not to lease or underlet, to defeat the plaintiffs' right. That stipulation was inserted for the benefit of the lessor and those claiming under him, who alone can take advantage of any breach. The stipulation here is in the form of a covenant, and not a condition with a right of entry reserved. But if the agreement had been of the latter description, the lease would have been valid until the lessor had exercised his option to terminate it, which he has never done. *Shattuck* v. *Lovejoy*, 8 Gray, 204. Taylor Landl. & Ten. § 412.

But further, it is well settled that an assignment by operation of law passes the estate discharged of the covenant to the assignee · and this would seem to be so where the transfer arises

from voluntary proceedings in insolvency, as distinguished from proceedings *in invitum*, and where there is no indication that the proceedings are colorable, merely for the purpose of effecting the transfer in fraud of the lessor. *Smith* v. *Putnam*, 3 Pick. 221. Taylor Landl, & Ten. § 408.

No record of the assignment to the plaintiffs was necessary as against the defendant. His right to possession ended with his insolvency, and he sets up no after acquired title valid as against an unrecorded assignment.                    *Exceptions overruled.*