Filed May 13, 1896.

---

No. 1,889.

## STATE, EX REL. MYERS, *v.* ADAMS ET AL.

PLEADING.—*Complaint on Executor's Bond.—Exhibit.*—A complaint on an executor's bond, founded on section 365, R. S. 1894, is not good on demurrer, unless the original or a copy of such instrument is filed therewith, notwithstanding the averment in the complaint that such instrument is filed with the pleading.

From the Monroe Circuit Court.

*Duncan & Batman*, and *East & Miller*, for appellant.

*Fulk & Corr*, for appellees.

REINHARD, J.—This is an action on the bond of the appellee, William L. Adams, as executor of the last will and testament of Anna Myers, deceased, who died, as the complaint alleges, in August, 1894, leaving the relator, her husband and legatee, surviving her. It is also alleged that the will was admitted to probate September 1, 1894, and that Adams gave bond, qualified, and was appointed as executor September 3, 1894. It is averred, as a breach of the bond, that there was a lot of provisions on hand for consumption by the family, of the value of $250.00, that there were growing crops on the 40 acres of land adjoining the residence, of the value of $200.00, and that the relator had a lot of personal property, of which he, personally, was the owner, all of which was inventoried by the appellee Adams, within ten days after the probate of the will, and was sold over relator's protest, at the executor's sale, September 28, 1894, to his damage, etc.

To this pleading the court sustained a demurrer for want of sufficient facts, and this appeal is here solely to test the sufficiency of the pleading.

The appellant insists that the complaint is sufficient as against the demurrer; while the appellee's contention is that the pleading is bad, and that the court correctly so held.

There is, at least, one good and sufficient ground which requires us to hold that the complaint is insufficient, and that the judgment must be affirmed. There is no copy of the bond, nor is the original filed as an exhibit with the complaint. At least, no such copy is set forth in the transcript, nor is any excuse given in the complaint for omitting to file such copy. It is true,

the complaint alleges a filing of a copy of the bond, as a part of the complaint, but, as stated, no such copy appears in the transcript.

It is a familiar rule, that when a pleading is founded, as in the present case, on a written instrument, under section 365, R. S. 1894, the original or a copy of such instrument must be filed with the complaint, or it will be held fatally defective on demurrer for want of sufficient facts.    *Hill* v. *Mayo*, 73 Ind. 357; *Anderson School Tp.* v. *Thompson*, 92 Ind. 556; *Mc-Cormick Harvest. Mach. Co.* v. *Glidden*, 94 Ind. 447; *Old* v. *Mohler*, 122 Ind. 594; *Blackwell* v. *Prendergast*, 132 Ind. 550.

The failure to file the original or a copy of the instrument, renders the complaint obnoxious to the demurrer, notwithstanding the averment therein that a copy of said instrument is filed with the pleading, provided, of course, that the instrument is the foundation of the action.

Judgment affirmed.

Filed May 13, 1896.