## CLUPPER, ADMINISTRATOR, v. CLUPPER.

[No. 20,170. Filed October 26, 1904.]

WILLS.—*Construction.*—*Complaint.*—A complaint to enjoin the administrator of a deceased judgment creditor from selling certain real estate devised to plaintiff by such creditor, on the ground that such deceased creditor forgave such debt and judgment in his will, must set out the entire will, in order that the court may construe such will and determine its legal effect.

From Wabash Circuit Court; *H. B. Shively*, Judge.

Action by Christian Clupper against Lewis Clupper as administrator of the estate of George Clupper, deceased, and Charles E. Stewart as sheriff of Wabash county for

an injunction. From a decree for plaintiff, defendant Clupper appeals. Transferred from the Appellate Court under §1337u Burns 1901. *Reversed.*

*Flinn, King & Flinn*, for appellant.

*A. H. Plummer, B. F. Williams* and *W. G. Todd*, for appellee.

HADLEY, J.—Construction of will. Appellee prosecutes this action to enjoin the enforcement of a judgment against property bequeathed to him by his father upon the ground that the debt was forgiven him by the will. From his complaint the following meager facts are to be gathered: George Clupper, brother of appellee, died intestate in the early part of 1901, leaving his father, Christian Clupper, Sr., and, presumably, brothers and sisters and their descendants as his heirs at law. Lewis Clupper was appointed administrator of George's estate, and as such on the 8th day of February, 1901, recovered a judgment in favor of the estate against Christian Clupper, Jr., appellee, for $1,150, one-half of which judgment descended to Christian Clupper, Sr., as the surviving father and heir to the said George Clupper, deceased. The father, Christian Clupper, Sr., died testate sometime in 1902; three items of his will being as follows: "Item 3. I will and devise to my son Christian Clupper the forty acres of land on which I live [here follows a minute description], the same being my old homestead, provided always that said land shall not be liable for any debt or obligation contracted by my son Christian Clupper prior to my decease, and that this shall not be charged against said Christian Clupper as an advancement to him in the settlement and distribution of my estate. Item 4. I also give and bequeath to my son Christian Clupper the sum of $300, to be paid out of the first money on hands, or proceeds of my personal property after payment of my just debts and funeral expenses, said money never to be subject to payment of any debts

or obligations of said Christian Clupper prior to my death. Item 5. It is my will, and I devise and bequeath to all my children, share and share alike, all my property real and personal (the children and heirs of my deceased children to take the share of my deceased child) not herein devised and disposed of. No charge to be made against any of my children for advancements, and none of said property shall be liable or subject to payment of any debt or obligation contracted or made by them, or either of them, prior to my death."

The will was duly probated. The property bequeathed to appellee by his father was all the property subject to execution owned by him. In November, 1902, Lewis Clupper, as administrator of the estate of George Clupper, deceased, caused an execution to issue on the judgment recovered by him against appellee, and the sheriff is threatening to, and will, if not enjoined, levy the same upon, and sell the real estate so devised to him by his father as aforesaid. It is also averred that the collection of the judgment is not necessary to pay the debts of the estate of George Clupper, nor is it necessary to pay the debts against the estate of Christian Clupper deceased. It is further alleged as follows: "That as one-half of said judgment belongs to the estate of Christian Clupper, deceased, and as his said will provides that no charge shall be made against any of his children for advancements, Lewis Clupper, administrator, as aforesaid, has no right to collect by execution or otherwise one-half of such judgment, or levy upon any of his property, real or personal, to satisfy more than one-half of the same; and plaintiff has tendered said administrator one-half of the sum due on said judgment, and now brings the same into court for the use of said George Clupper's estate," and prays an injunction against the sale of his property, and that said judgment be entered satisfied as to the half remaining unpaid. Appellant's demurrer to the complaint was overruled, and, he declining to plead further,

judgment of injunction and an order for satisfaction were entered. From this judgment appellant appeals, and submits the sufficiency of the complaint as the only question for decision.

The judgment in controversy was rendered against appellee in February, 1901. His father died in 1902. So the judgment was a debt contracted by appellee prior to the testator's death. It is obvious, however, that the case was tried and determined upon the theory that the condition written in each of the exhibited items of the will attempting to exempt the bequests to appellee from liability for his prior debts was void, except as to the testator, for appellee concedes in his complaint that the land devised to him is liable for one-half of the judgment. Under the complaint, however, it is impossible for us to determine whether or not appellee's contention is true. One asking the construction of a will must exhibit the whole instrument with his complaint to enable the court to determine the testator's intention from a consideration of all parts of the will in relation to each other and in relation to the testamentary act as an entirety. *John* v. *Bradbury* (1884), 97 Ind. 263, 265; *West* v. *Rassman* (1893), 135 Ind. 278, 294; *Fenstermaker* v. *Holman* (1902), 158 Ind. 71, 74. This, appellee has not attempted to do. Except the three items quoted above, no part of the will is set out with the complaint; nor is there any averment as to what the absent parts contain or do not contain. To entitle a plaintiff to an injunction, he must make out a clear case. The facts alleged in the complaint are not sufficient to entitle appellee to an injunction, or to call for any construction of Christian Clupper's will, and the demurrer thereto should have been sustained.

Judgment reversed, with instructions to sustain the demurrer to the complaint.