KATE P. CLIFFORD, AND CORA B. SCRUTON et al.

*vs.*

ANDROSCOGGIN & KENNEBEC RAILROAD COMPANY.

Androscoggin.    Opinion December 10, 1921.

*The forming of a new corporation of bondholders under R. S., Chapters 51 and 57, which absorbs the old corporation, constitutes a forfeiture of a lease held by the old corporation with a provision for determination, that should the leased estate be taken from lessee "by proceedings in bankruptcy or insolvency or otherwise," lessor may enter and forcibly remove lessee if necessary.*

In the instant case the lessee went into receivership, and the bondholders of the lessee, the Lewiston, Augusta & Waterville Street Railway, after the court had granted leave to the Old Colony Trust Company, trustee for the bondholders under a mortgage, to file a bill for foreclosure, formed a new corporation of bondholders in accordance with the provisions of R. S., Chapters 51 and 57. A decree of foreclosure and sale of the property of lessee was entered. The new corporation, the defendant, went into possession of the premises demised under the lease. Plaintiffs claim a forfeiture of the lease resulting from an alleged breach of that provision in the lease which is as follows, viz.:

"    .    .    .    .    or in case the estate hereby created shall be taken from lessee or those claiming under it by process of law, or by proceedings in bankruptcy and insolvency, or otherwise, lessors or their heirs or assigns may, while the fault or neglect continues, or at any time after such taking by process of law and notwithstanding any license or waiver of any prior breach of condition, without any notice or demand, enter upon the premises and thereby determine the estate hereby created and may thereupon expel and remove, forcibly if necessary, the lessee and those claiming under it." Defendant claimed that there had not been any forfeiture, and that if a forfeiture might have been claimed it had been waived.

On report. A writ of entry to recover possession of certain real estate owned by the plaintiffs, which was in the possession of defendant. At the conclusion of the evidence, and by agreement of the parties, the case was reported to the Law Court for final determination, upon so much of the agreed statement of facts and evidence as was material and legally admissible. Judgment for plaintiffs.

The case is fully stated in the opinion.

*Clifford & Clifford, Benjamin L. Berman, and Tascus Atwood,* for plaintiffs.

*William H. Newall,* for defendant.

SITTING: CORNISH, C. J., SPEAR, HANSON, DUNN, MORRILL, DEASY, JJ.

SPEAR, J. On October 28, 1908 the plaintiff leased to the Lewiston, Augusta & Waterville Railway for a term of twenty years, at an annual rental of $2,800, a brick block in Lewiston located at the corner of Main and Lisbon Streets.

December 16, 1918 the L. A. & W. St. Ry. by legal process was placed in the hands of receivers, who qualified and acted until discharged by the court.

On June 19, 1919 leave was granted by the court to the Old Colony Trust Company, trustee under the mortgage for the bondholders of the railroad, to file a bill for foreclosure.

On July 31, 1919 a decree of foreclosure and sale of the property of the railroad was entered.

Under the bill and foreclosure all the necessary steps were taken for the purpose of forming a corporation of bondholders in accordance with the provisions of R. S., Chapters 51 and 57, the completion of which was effectuated on September 30, 1919 in the organization

of the Androscoggin & Kennebec Railroad Co. Thus the old corporation was absorbed by the old bondholders and reappeared in a new organization under the name of the Androscoggin & Kennebec Railroad Co. Immediately upon the appointment of new receivers the plaintiff claimed a forfeiture of the lease and thereupon the receivers notified the plaintiffs of their intention to exercise their option to assume the lease and continue in possession.

There is no dispute between the parties as to the particular provision in the lease the interpretation and legal effect of which is determinative of their respective rights. It reads as follows:

"Provided always, and these presents are upon this condition, that in case of a breach of any of the covenants to be observed on the part of the Lessee or of those claiming under it, or in case the estate hereby created shall be taken from the Lessee or those claiming under it by process of law or by proceedings in bankruptcy and insolvency, or otherwise, the Lessors or their heirs or assigns may while the default or neglect continues, or at any time after such taking by process of law and notwithstanding any license or waiver of any prior breach of condition, without any notice or demand, enter upon the premises and thereby determine the estate hereby created and may thereupon expel and remove forcibly if necessary, the Lessee and those claiming under it."

The defendant claims (1) that there has been no forfeiture under the above provision, and (2) that if a forfeiture might have been claimed it was waived. Treating the last claim first, we are unable to find any adequate evidence of waiver. The plaintiffs gave notice of a claim of forfeiture as soon as the receivers were appointed and followed that claim by a suit against the new company upon which they were nonsuited for want of entry, and in twelve days after the announcement of the nonsuit made entry upon the demanded premises for the purpose of bringing the present suit. These acts do not show a voluntary relinquishment of a known right.

Reverting now to the first defense it is claimed that the transformation of the old corporation into the new one did not work a forfeiture, as, in law there was (a) no real change in the status of the property, and (b) no violation of the terms of the lease, if there was. In regard to ownership the defendant says:

"It seems to us that the purpose of these statutes is to provide a means whereby the title to the property should vest in the share-

holders after the organization of the bondholders into a corporation, without a change in the ownership of the property, if the same, as in this case, is desirable. In other words, it was the same property; the owners were the same, and the only feasible way was to reorganize under the statutes. Before foreclosure this ownership was represented by bonds, and after foreclosure and organization, by shares of stock equal in amount to the bonds, at par."

We cannot concede that contention. It completely ignores the rights of the stockholders in the old company. These stockholders were the equitable owners subject to the mortgage to secure the interest on, and payment of, the bonds. That is, in case of final dissolution the assets if any are distributed to the stockholders. R. S., Chap. 51, Secs. 58 and 104. In the above reorganization, the old stockholders were completely eliminated. Under the language of R. S., Chap. 57, Sec. 58. "The foreclosure of the mortgage shall inure to the benefit of all holders° of the bonds, coupons and other claims secure thereby." That provision sounded the death knell of the old stockholder and transferred all his property rights in the old to the stockholders of the new corporation. By reason of this change the entire management of the corporation as well as its property became vested in a new set of stockholders who could elect the officers and control the policy of the business. In fact, there was nothing of the old corporation left except its franchises and physical property, the equitable title of which vested in the new stockholders immediately upon the consummation of the new corporation. There was consequently an assignment of the lease to the new corporation by operation of law.

But the defendant, though admitting a change of property rights, yet contends that the language of the lease does not remove the case from the general rule that such an assignment passes the estate free from the covenant of forfeiture. Without any special provision against forfeiture or for re-entry it is undoubtedly well settled that an assignment, in invitum, of a lease does not come within a general provision of forfeiture. In such case it is only the voluntary act of the lessee that forfeits the lease, *Bemis et al.* v. *Wilder*, 100 Mass., 446.

But that is not the present case. By reference to the forfeiture clause in the present lease it will be observed that the lessors, for what reason it is immaterial to inquire, nevertheless did provide against the very contingency that happened in the insolvency,

receivership, obliteration of the old, and formation of the new corporation, by reserving upon the happening of such contingency the right of re-entry in language so clear and free from ambiguity that, in our opinion, its purpose, intent and legal effect cannot be overlooked. The provision of the lease pertinent to the point under inquiry reads as follows: "provided always, and these presents are upon this condition that in case that the estate hereby created shall be taken from the lessees or those claiming under it, by a process of law or by proceeding in bankruptcy and insolvency, or otherwise, the lessors or their heirs or assigns may without any notice or demand, enter upon the premises and thereby determine the estate and expel and remove forceably if necessary the lessee and those claiming under him."

We can hardly conceive of language more comprehensive to accomplish the prevention of the assignment of this lease by any available form of in invitum process. It provides against such action by process of law, bankruptcy and insolvency, or otherwise. These conditions are expressed in the specific terms of a written contract by the unambiguous language of which the lessee, without qualification, agreed that the occurrence of any of the contingencies named should constitute specific acts of forfeiture. We are unable to assign any valid reason why the defendant should not be bound by the terms of its own deliberate stipulations, in this as well as in any other form of contract. And it is so held in R. C. L., Page 1116, Section 634, in the following language: "Both courts of law and equity have always strictly construed provisions for forfeiture in ordinary leases, but when the parties have made express stipulations, which will admit of but one interpretation, not to give effect to them would be making a new contract for the parties, instead of construing that which they have made themselves." It is further said in Section 645 that it is competent for the parties to a lease to insert restrictive provisions and that "This is held to include the right to declare a forfeiture for an involuntary as well as a voluntary assignment." Under the last section several cases are sighted in support of the doctrine therein declared.

Among the cases sighted is the Penn. case *West Shore Railroad Co. et al.* v. *Wenner et al.*, reported in 1 Ann. Cas., 790, in which it is said in the note as follows: "The particular question appears to be one which has seldom arisen. To hold otherwise than as is held in the

reported case and the cases cited would be setting up a technicality in manifest disregard of the intention of the parties to the lease.  It is a well-known rule that in construing covenants the intention of the parties will control."

We have no doubt, upon a legal interpretation of the clearly expressed provision in question that the insolvency and reorganization the lessee worked a forfeiture and authorized the plaintiffs to re-enter for the purpose of taking possession of the leased premises.

We now come to the question of Damages.  The report of the evidence shows that on the 19th day of March, 1921 an entry upon the demanded premises was legally made for breach of the covenants of the lease, possession demanded and refused, and that the premises have been continually in possession of the defendant since March 19, 1921.  The defendant is therefore liable for the reasonable rental value of the premises from that day to the present time.

We feel inclined to accept the testimony of the defendant's witness and fix the amount of rental at the rate of $6,000 per year.

*Exceptions overruled.*