Strafford,  
April 3, 1928.

LUETTA VOUDOMAS *v.* P. WELLINGTON BRAGG.

WALTER YOUNG *v.* LUETTA VOUDOMAS.

*Burt R. Cooper* and *Gardner S. Hall* (*Mr. Hall* orally), for Voudomas.

*Conrad E. Snow* (by brief and orally), for Bragg and Young.

MARBLE, J. The parties have erroneously assumed that personal-property rights alone are involved, and that the law of bailments is applicable. The statement of facts does not disclose the precise terms of the arrangement between the A. O. U. W. Building Association and the Great Falls Manufacturing Company, but since the association occupied the land with the express permission of the owner, it became at the very least a tenant at will. *Dame* v. *Dame*, 38 N. H. 429, 434; P. L., c. 213, s. 15. The association had therefore an "estate." 2 Bl. Com. 145; 1 Tiff., L. & T., 118.

"There is no presumption that a party who erects buildings on another's land does so upon any agreement that they may be taken away." *Bean* v. *Brackett*, 34 N. H. 102, 118. It is true that where such right of removal exists, the buildings may be treated as distinct from the land. *Hamlin* v. *Philbrook*, 78 N. H. 144; *Ford* v. *Burleigh*, 62 N. H. 388; *Laird* v. *Railroad*, 62 N. H. 254; *Dame* v. *Dame, supra; Keyser* v. *School District*, 35 N. H. 477, 480; *Aldrich* v. *Parsons*, 6 N. H. 555. But conceding a right of removal in the instant case (a fact which appears only by implication), the lease does not purport to deal solely with the building but includes the lessor's right, limited though it may have been, to occupy the land. It is evident, therefore, that the parties have misconceived their remedy. They desire a determination of their rights, however, and by agreement the case is treated as though possessory actions had been brought.

No tenant at will can create "any estate in another which will avail against the owner of the land," yet any lease which he undertakes to make "will be good between him and his lessee so long as

he is suffered to enjoy the premises." 1 Washb., Real Prop. (6th ed.), s. 765; *Holbrook* v. *Young*, 108 Mass. 83, 85; *Meier* v. *Thiemann*, 15 Mo. App. 307. In the absence of a definite provision to the contrary, a lessee has the right to assign his lease. *Machinist* v. *Koorkanian*, 82 N. H. 249, 252; *Spear* v. *Fuller*, 8 N. H. 174. This right Brooks expressly retained subject only to the approval of his lessor. In this situation there is some ground for argument that a reasonable rather than a capricious approval was contemplated.

Young's title is derived from a bill of sale, which presumably conveyed to him all the association's interest in the premises. While there is no doubt that a tenancy at will is not transferable (*Austin* v. *Thomson*, 45 N. H. 113, 120; *Whittemore* v. *Gibbs*, 24 N. H. 484, 488, 489), this is because the transfer gives the purchaser no right which he can hold against the landowner, and not because of any inherent incapacity in the tenant to assign. 1 Underhill, L. & T., s. 160. Consequently an attempted transfer is valid as between the parties. 23 A. L. R. 145, 146; *Landon* v. *Townshend*, 129 N. Y. 166, 178.

Although the dissolution of the association terminated the original tenancy (1 Tiff., L. & T., 115), certain rights had been granted in the meantime to Brooks and Young. It is true that these rights are unenforceable so far as the Great Falls Manufacturing Company is concerned, but until that company, as landowner, sees fit to interfere, the obligations of the parties to each other are such as the association, under which each claims, has imposed.

It is stated that the bill of sale contained a covenant against incumbrances, but no copy of the bill of sale has been furnished, and it does not appear whether the lease was referred to or not. This is of no importance, however, for Young took the premises subject to the lease, and recognized that fact not only by accepting rent from Brooks but by bargaining with the trustee for the purchase of the lease. It is upon the alleged breach of a restriction contained in the lease that he relies.

Since in a strict sense the lessor's tenancy was not assignable and since the association is mentioned by name with no accompanying reference to assigns, the restriction might well be construed as merely a personal one. Young is no better off, however, if the opposite construction is adopted.

The provision is at most a covenant, not a condition. No right of re-entry is given the association for a failure to secure the stipulated approval. This right is given only for failure to pay rent and

for waste. And "where the lessor's right of re-entry is in terms restricted to the breach of specified covenants of the lessee, this impliedly excludes the right to re-enter for the breach of other covenants." 16 R. C. L. 1116, 1117; *Spear* v. *Fuller*, 8 N. H. 174, 176.

It follows that the breach here (if it be deemed such) did not work a forfeiture so far as Brooks or his trustee in bankruptcy was concerned, and Voudomas to whom their interests were assigned can defend her possession against Young and maintain her action against Bragg, who relies on Young's oral permission to occupy. *Hague* v. *Ahrens*, 53 Fed. Rep. 58. "Neither the lease nor the assignment is avoided by reason of the breach of covenant." *Den* v. *Post*, 25 N. J. Law, 285, 292; *In re Pennewell*, 119 Fed. Rep. 139, 142.

This result is not inconsistent with the cases which deny an assignee the benefit of a covenant by the lessor to renew the lease (*Upton* v. *Hosmer*, 70 N. H. 493; *Emery* v. *Hill*, 67 N. H. 330), since these cases appear to be "based only on the theory that the covenant for renewal is to be construed with reference to the covenant against assignment, and as consequently providing for renewal only in behalf of the lessee himself, or in behalf of an assignee who has become such in accordance with the terms of the lease." 1 Tiff., L. & T., 940.

But even if such an assignment might be held invalid in the ordinary instance, it could not be so held here. The trustee in bankruptcy obtained his title to the lease by operation of law. There is no provision in the lease covering such a situation (*In re Frazin & Oppenheim*, 174 Fed. Rep. 713, 715) and no suggestion in the statement of facts that bankruptcy proceedings were resorted to for the purpose of avoiding the restriction. By the weight of modern authority a transfer of this nature is not deemed a violation of the ordinary covenant against assignment. *Gazlay* v. *Williams*, 210 U. S. 41; *In re Levinson*, 295 Fed. Rep. 146; *Peacock* v. *Lovejoy*, 5 Haw. 231; *Farnum* v. *Hefner*, 79 Cal. 575, 580; *Clifford* v. *Railroad*, 121 Me. 15, 18; *Bemis* v. *Wilder*, 100 Mass. 446; *Pappas* v. *Company* (N. J.), 137 Atl. Rep. 417, 418; *Liquidation of Citizens S. & T. Co.*, 171 Wis. 601, 604; *Miller* v. *Fredeking*, 101 W. Va. 643. A more complete collection of authorities will be found in 46 A. L. R. 847.

The statement in *English* v. *Richardson*, 80 N. H. 364, 366, that a trustee in bankruptcy "takes the leasehold in the same plight as the debtor held it" has no reference to covenants prohibiting voluntary assignment by the lessee.

In accordance with the agreement made during oral argument the writs are considered as properly amended, and the order in each case is

*Judgment for Voudomas.*

SNOW, J., did not sit: the others concurred.